Grinnell *v.* Merchants Insurance Co.

BRENTON B. GRINNELL *vs.* THE MERCHANTS INSURANCE COMPANY.

1. A creditor of an insolvent corporation, who shows a reasonable excuse for not presenting his claim within the time limited by the order of the court in proceedings under "the act to prevent frauds by incorporated companies," *Nix. Dig.* 371, will be admitted at any time before actual distribution, or even after partial payments, if there be a surplus in the hands of the receivers, so as not to interfere with payments already made.

2. A creditor does not, by such presentment, obtain a *vested right* to a certain dividend to the exclusion of others.

3. The fact that the petitioner was an officer of the corporation, and that the proceedings to establish its insolvency were instituted in his name, cannot prejudice his right to be let in to prove his claim before the receivers.

4. Ten days allowed to present claim.

----

This was an application by a creditor of an insolvent corporation, to be let in to prove his claim before the receivers.

*W. B. Williams*, for the petitioner.

*I. W. Scudder*, for the receivers, contra.

THE CHANCELLOR. Under the provisions of the act to prevent frauds by incorporated companies, *Nix. Dig.* 371, the defendants were declared insolvent, an injunction issued, and receivers were appointed. The time limited for the creditors to present their claims having expired, the petitioner now asks to be let in to prove his claim before the receivers.

The bias of the court, on application to be let in to prove, is in favor of the creditor. The design of the statute is to secure an equal distribution of the assets of the corporation among all its creditors. In practice, an order is made limiting a time within which claims shall be presented and proved, in order to facilitate the proceedings, and to promote despatch in the settlement of the estate. But no creditor thereby obtains a vested right to a certain dividend to the exclusion of others.

If a reasonable excuse for delaying to make an earlier claim is shown, the creditor will be admitted at any time before actual distribution, or even after partial payments, if there be a surplus in the hands of the receivers, so as not to interfere with payments already made. *Lashley* v. *Hogg*, 11 *Vesey* 602; *Gillespie* v. *Alexander*, 3 *Russ.* 130; *Wilder* v. *Keeler*, 3 *Paige* 164; *Pratt* v. *Rathbun*, 7 *Paige* 271; 2 *Smith's Chan. Prac.* 267.

The petitioner has satisfactorily accounted for not presenting his claim within the time limited by the order of the court. The claim originated in the petitioner's becoming bail in error for the corporation, and in his being compelled to pay the judgment recovered against them. He held a bond and mortgage as security for the amount thus advanced, upon which a foreclosure suit was instituted, and the existence or extent of the deficiency of the amount realized upon the mortgage to satisfy the claim of the petitioner, was not ascertained when the time limited for presenting claims expired. He was induced, moreover, by the declarations of the receivers, to believe that the formal presentment and proof of his claim was unnecessary.

The fact that the petitioner was an officer of the corporation, and that the proceedings to establish its insolvency were instituted in his name, cannot prejudice his claim to the relief prayed for. It is not suggested that any delay or prejudice to the rights of the creditors has resulted from those circumstances. The evidence does not warrant the allegation of the answer that the petitioner either agreed, or became liable in equity, to accept the bond and mortgage in his hands, in satisfaction of the amount advanced by him as bail for the corporation. He was under no obligation to receive less than the full amount advanced. There is nothing in any of the objections raised by the answer of the receivers, sufficient to bar the petitioner of his right to present his claim and to share in the distribution of the assets. The petitioner will be allowed ten days from the date of the order to present his claim to the receivers.